# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

DEBORAH CHAMPLUVIER                                                         PLAINTIFF

v.                                                        No. 2:07CV105-P-A

JAMES ALBERT RILEY                                                   DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the motion by defendant James Albert Riley for summary judgment. The plaintiff, Deborah Champluvier, filed suit against Riley, the Sheriff of DeSoto County, alleging that Sheriff Riley wrongfully incarcerated the plaintiff in the DeSoto County Jail after the Mississippi Court of Appeals affirmed her conviction for embezzlement. Champluvier argues that Sheriff Riley's actions violated her rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The plaintiff has responded to the motion for summary judgment, and the defendant has replied. The matter is ripe for resolution. For the reasons set forth below, the defendant's motion for summary judgment shall be granted, and judgment shall be entered for the defendant.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert.*

*denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

The plaintiff was convicted in the Circuit Court of DeSoto County in November 2003 on a charge of embezzlement. The plaintiff appealed her conviction, and the Mississippi Supreme Court assigned the case to the Court of Appeals under MISS. CODE ANN. § 9-4-3. The trial court entered an order allowing the plaintiff to remain at liberty on a $15,000 bond while the appeal was pending. The Court of Appeals affirmed the plaintiff's conviction. On December 5, 2005, the clerk of the Court of Appeals issued a notice to Sheriff Riley, informing him: (1) that the judgment of the Court of Appeals affirming the plaintiff's conviction would be entered on December 13, 2005, (2) that the plaintiff was directed to surrender to Sheriff Riley on that date, and (3) that Sheriff Riley was authorized and required to arrest the plaintiff if she did not surrender as ordered. Exhibit 1 to defendant's motion for summary judgment. The Court of Appeals sent a copy of the notice to the plaintiff. The notice also stated, "The Appellant shall not be released on bail after [her]conviction has been affirmed by this Court, except by further Order of this Court." On December 13, 2005, the Court of Appeals entered its judgment. On that date, the plaintiff surrendered at the DeSoto County Jail in accordance with the notice and was taken into custody. (Booking Report, Exhibit 3 to defendant's Motion for Summary Judgment. The plaintiff filed a petition for rehearing and a petition requesting that the Court of Appeals continue her release on bond as she pursued further relief from the judgment. On December 21, 2005, the Court of Appeals denied the petition to continue the plaintiff's release. Order, Exhibit 2 to Defendant's Motion for Summary Judgment. In March 2006, the Court of Appeals denied the plaintiff's motion for rehearing, and the plaintiff sought discretionary review by the supreme court. The plaintiff remained confined in the DeSoto County Jail until the Mississippi Supreme Court reversed her conviction on November 9, 2006.

**The Plaintiff's Claims**

The plaintiff argues that she had a right to remain at liberty on an appeal bond following the affirmance of her conviction by the Mississippi Court of Appeals – while she sought rehearing in the Court of Appeals and discretionary review by the Mississippi Supreme Court. Under this premise, the plaintiff believes that Sheriff Riley took her into custody without authority of a lawful order of a court. The plaintiff clearly misapprehends the function and duration of an appeal bond, the difference between mandatory and discretionary appellate review, and the validity of the notice issued by the Mississippi Court of Appeals signed by the Clerk of the Court, rather than a judge.

**No Bond After the Mississippi Court of Appeals Affirms Felony Conviction**

Under Mississippi law, a decision of the Court of Appeals is final unless the Mississippi Supreme Court exercises its discretionary authority to review the case. MISS. CODE ANN. § 9-4-3(2). Hence, the judgment of the Mississippi Court of Appeals affirming the plaintiff's conviction concluded the plaintiff's appeal as of right. When the plaintiff's appeal ended, so did her right to remain free on the appeal bond. Mississippi Rule of Appellate Procedure 39 provides, with an exception not applicable here, that "[b]ail shall not be allowed after affirmance in the appellate court." Rule 39 also provides

> After the submission of a felony case in which the appellant is at liberty on an appearance bond, the appropriate appellate court will determine a date for rendition of its judgment and will so notify appellant. On the day so fixed, appellant shall surrender . . . to the sheriff of the county in which [s]he was convicted . . . .

MISS. R. APP. P. 39(a). Thus, when the Court of Appeals was ready to render its judgment, the clerk of the Court of Appeals issued the required notification to the plaintiff and the sheriff. A

person released on an appeal bond binds herself to appear as directed by the court. Thus, when the Court of Appeals issued the notice, the plaintiff was required to surrender – as provided in Rule 39. She surrendered as directed and was taken into custody.

The plaintiff argues in her response to the motion for summary judgment that the trial court was divested of jurisdiction by the appeal until an appellate court issued its mandate. Thus, she argues, as the court of appeals did not issue a mandate following the entry of its judgment affirming the conviction, the *trial court* was without jurisdiction to enforce its judgment. This argument has no bearing on this case because the *trial court* did not take any action "to enforce its judgment;" instead the Mississippi Court of Appeals acted under MISS. R. APP. P. 39.

For these reasons, the defendant's arrest and detention of the plaintiff was in accordance with the law of Mississippi, and the plaintiff's claim must be dismissed for want of merit.

**No Absolute Constitutional Right to Bond Pending Appeal**

There is no absolute federal constitutional right to bail pending appeal. *Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir. 1982). If a state has a provision for bond pending appeal, the bond may not be denied arbitrarily or unreasonably. *Id.* As discussed above, Mississippi has not made a provision for a criminal defendant to remain free on bond after a conviction has been affirmed in the Mississippi Court of Appeals, even when the defendant continues to seek appellate relief through discretionary review in the Mississippi Supreme Court. Thus, the plaintiff has no claim under the United States Constitution regarding remaining free on bond while she pursued discretionary relief once the Mississippi Court of Appeals affirmed her conviction. As such, this claim must be dismissed for want of merit.

**Jurisdiction of Mississippi Court of Appeals Over Criminal Defendants
Whose Convictions Are Affirmed**

The plaintiff argues that her continued detention was unlawful because the Court of Appeals had no jurisdiction to direct her to surrender to the Sheriff – and because the notice of the decision by the Court of Appeals was signed by the clerk of the court rather than a judge. The plaintiff is simply incorrect in these arguments. Rule 39 speaks to the first issue, and the plaintiff cites no authority establishing the validity of either contention. The cases cited by the plaintiff do not address either of the issues at bar. Absent such authority, the plaintiff cannot show that her incarceration was arbitrary or unreasonable. As such, these claims must fail, as well.

In sum, all of the plaintiff's claims are without merit; the motion by the defendants for summary judgment shall be granted, and judgment shall be entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE